UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH EURINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2232** |
| **LATOYA CANTRELL ET AL.** | **SECTION: "H"(5)** |

## ORDER AND REASONS

Before the Court are a Motion to Dismiss filed by Defendants Latoya Cantrell, Shaun Ferguson, Adam Sauter, and the City of New Orleans (Doc. 7) and a Motion to Dismiss filed by Defendant Lishunda Franklin (Doc. 8). For the following reasons, these Motions are **GRANTED.**

## BACKGROUND

This case arises out of an alleged hit and run in New Orleans, Louisiana. Plaintiff Joseph Eurings alleges that he was struck by a vehicle while riding a motorized bicycle on July 20, 2021, and that the car "kept going." Plaintiff suffered various injuries as a result, including a broken neck, a broken spine, a broken collar bone, a dislocated shoulder, and a "busted head".[1] Plaintiff filed this suit pro se pursuant to 42 U.S.C. § 1983.[2] Plaintiff contends that

---

[1] Doc. 1 at 7.
[2] 42 U.S.C. §1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

1

Defendants New Orleans Police Officers Jacob Tucker and Adam Sauter, and Lishunda Franklin violated his civil rights. Specifically, Plaintiff alleges that Officers Tucker and Sauter intentionally moved the site of the accident in the police report to conceal the identity of the person that hit him. Plaintiff does not explain these allegations further or describe how the other Defendants were involved.

Now before the Court is a Motion to Dismiss filed by Defendants Latoya Cantrell, Shaun Ferguson, Adam Sauter, and the City of New Orleans and a Motion to Dismiss filed by Defendant Lishunda Franklin. Plaintiff opposes.

## **LEGAL STANDARDS**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The Court need not, however, accept as true legal conclusions couched as factual allegations.[6]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each

---

[3] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[4] *Id.*
[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 667.
[7] *Id.*
[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

element of the plaintiffs' claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

## LAW AND ANALYSIS

All Defendants request that this Court dismiss Plaintiff's complaint for failure to state a claim. Franklin argues that Plaintiff's complaint "fails to mention a time, place or location of where the alleged incident occurred and how [she] was involved."[11] Defendants Cantrell, Ferguson, Sauter and the City of New Orleans argue that "Plaintiff failed to provide any facts to support or prove his conclusory allegations."[12] Plaintiff opposes, stating that he provided enough evidence to state a claim.[13]

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] When a complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action for failure to state a claim upon which relief can be granted.[15]

The Court finds that Plaintiff did not plead enough facts to state a plausible claim against any Defendant. Plaintiff states that he was struck by a vehicle that "kept going," and that Defendants "committed acts that violated his Constitutional Rights as well as his Civil Rights."[16] Plaintiff does not specify which of his constitutional or civil rights were violated by any

---

[9] *Lormand*, 565 F.3d at 255–57.
[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[11] Doc. 8-1 at 5.
[12] Doc. 7-1 at 3.
[13] Doc. 10 at 2.
[14] FED. R. CIV. PRO. 8(a)(2).
[15] FED. R. CIV. PRO. 12(b)(6).
[16] Doc. 1 at 7.

Defendant. Plaintiff also alleges that the officers conspired to move the location of the accident as to conceal the identity of the person whose vehicle hit him. Plaintiff provides no other facts to support this allegation of a conspiracy. Plaintiff also does not offer any facts to explain how Defendants Cantrell, Ferguson, Franklin or the City of New Orleans were involved, much less how they violated his constitutional or civil rights. Plaintiff's conclusory allegations that Defendants violated his constitutional rights do not go beyond "labels, legal conclusions, or formulaic recitations of the elements of a cause of action."[17]

Plaintiff's complaint is insufficient under Rule 8(a)(2) to state a claim and as such, Defendants' motions must be granted. Because the Court finds that the complaint does not state a claim under Rule 12(b)(6) it need not address any other arguments.

## CONCLUSION

For the foregoing reasons, the Motions are **GRANTED.** Plaintiff shall amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein.

New Orleans, Louisiana this 15th day of December, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc., No. 15-1720, 2015 WL 7281618, at *3 (E.D. La. Nov. 16, 2015) (citing *Iqbal,* 550 U.S. at 555).