## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOSEPH EURINGS**                                    **CIVIL ACTION**

**VERSUS**                                            **NO: 22-2232**

**LATOYA CANTRELL ET AL.**                            **SECTION: "H"(5)**

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendants Latoya Cantrell, Shaun Ferguson, Adam Sauter, and the City of New Orleans (Doc. 19). For the following reasons, this Motion is **GRANTED.**

### BACKGROUND

This case arises out of an alleged hit and run in New Orleans, Louisiana. Plaintiff Joseph Eurings alleges that he was struck by a vehicle while riding a motorized bicycle on July 20, 2021, and that the car "kept going." Plaintiff suffered various injuries as a result, including a broken neck, a broken spine, a broken collar bone, a dislocated shoulder, and a "busted head."[1] Plaintiff filed this suit pro se pursuant to 42 U.S.C. § 1983 against Latoya Cantrell, Shaun Ferguson, Adam Sauter, the City of New Orleans, Jacob Tucker, and Lishunda Franklin.[2] Plaintiff contends that Defendants New Orleans Police Officers

---

[1] Doc. 1 at 7.

[2] 42 U.S.C. §1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall

1

Jacob Tucker and Adam Sauter violated his civil rights. Plaintiff alleges that Officers Tucker and Sauter intentionally moved the site of the accident in the police report to conceal the identity of the person that hit him. The Complaint also alleged that Lishunda Franklin violated his civil rights. Plaintiff's original complaint did not explain how the other Defendants were involved. On December 15, 2022, this Court granted Defendants Latoya Cantrell, Shaun Ferguson, Adam Sauter, the City of New Orleans, and Lishunda Franklin's Motions to Dismiss for failure to state a claim, and gave Plaintiff 20 days to amend his Complaint to explain how Defendants violated his civil and constitutional rights. Plaintiff filed his Amended Complaint on January 11, 2023.

Now before the Court is a Second Motion to Dismiss filed by Defendants Latoya Cantrell, Shaun Ferguson, Adam Sauter, and the City of New Orleans ("City Defendants"). The City Defendants argue that Plaintiff's Amended Complaint still fails to state a claim. Plaintiff has not filed an opposition.

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw

---

not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

[3] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[4] *Id.*

all reasonable inferences in the plaintiff's favor."[5]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[6]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

## LAW AND ANALYSIS

Defendants argue that Plaintiff fails to remedy the deficiencies set out by the Court in its Order, and thus, that Plaintiff's Amended Complaint must be dismissed. To date, Plaintiff has not filed an opposition to this Motion. Though Plaintiff has not filed an opposition, the Court may not simply grant the motion as unopposed.  The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[11]  Accordingly, this Court has considered the merits of Defendants' motion.

---

[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[6] *Iqbal*, 556 U.S. at 667.

[7] *Id.*

[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[9] *Lormand*, 565 F.3d at 255–57.

[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[11] **Error! Main Document Only.***See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

3

In its prior Order, the Court stated that "Plaintiff did not plead enough facts to state a plausible claim against any Defendant."[12] Plaintiff's Amended Complaint provides more detail, alleging that the police report does not align with the medical report or the EMS report. Plaintiff's Amended Complaint states that (1) the police report indicates that the accident happened on Simon Blvd. and Phillip St., while Plaintiff alleges that the accident occurred on Simon Blvd. and S. Liberty St., (2) the police report states that he jumped the curb on his motorized bicycle, while the EMS report states that his injuries were caused by a collision with a truck, and (3) the police body camera footage shows Defendant Tucker interviewing five people at the scene, but the police report does not include the names of any witnesses.[13]

Even accepting all well-pleaded facts as true, the Court finds that Plaintiff's Amended Complaint does not state a claim against any of the City Defendants. The discrepancies between his recollection and the police report do not give rise to a claim against any City Defendant under § 1983. Plaintiff's Amended Complaint still fails to explain which of his civil or constitutional rights were violated by any of the City Defendants, or how the discrepancies in the police report violated his rights.

First, Plaintiff does not provide sufficient detail to state a claim against Defendant Sauter, the officer who allegedly fabricated the police report. According to the Amended Complaint, Defendant Sauter saw the video of the accident on Defendant Franklin's phone, but Plaintiff does not expound on this allegation. Absent any other facts, Plaintiff's Amended Complaint does not plausibly state a claim against Defendant Sauter for conspiring to violate his civil and constitutional rights. Further, Plaintiff does not explain how

---

[12] Doc. 15.
[13] Doc. 16. Defendants note that Plaintiff's Amended Complaint was filed seven days late. The Court shall address the merits of the Amended Complaint regardless of the late filing.

Defendants Cantrell, Ferguson, or the City of New Orleans were involved, or whether he is suing them in their individual or official capacities. There are no details regarding their involvement in an individual capacity, and Plaintiff does not plead sufficient facts to hold Defendants liable under § 1983 in their official capacities.

Despite Plaintiff's amendment, his Complaint does not plead enough facts to state a plausible claim against any City Defendant. Defendants' Motion to Dismiss must be granted.

## CONCLUSION

For the foregoing reasons, this Motion is **GRANTED.** Plaintiff's claims against Defendants Latoya Cantrell, Shaun Ferguson, Adam Sauter, and the City of New Orleans are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 28th day of April, 2023.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**