UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH EURINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2232** |
| **LATOYA CANTRELL, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are *pro se* Plaintiff Joseph Eurings's "Rebuttal in Response to, Order to Show Cause, and Motion for Default Judgment" (Doc. 30) and Defendant Lishunda Franklin's "Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and Opposition to Plaintiff's Motion for Default Judgment" (Doc. 39). For the following reasons, Plaintiff's Motion (Doc. 30) is **DENIED**, and Defendant's Motion (Doc. 39) is **GRANTED**.

## BACKGROUND

This case arises out of an alleged hit and run in New Orleans, Louisiana. Plaintiff Joseph Eurings alleges that, on July 19, 2021, he was struck by a vehicle while riding a motorized bicycle and that the car fled the scene. Plaintiff asserts that he suffered various injuries as a result, including a broken neck, a broken spine, a broken collar bone, a dislocated shoulder, and traumatic brain injuries. Plaintiff filed this suit pursuant to 42 U.S.C. § 1983 against Latoya Cantrell, Shaun Ferguson, Adam Sauter, the City of New Orleans, Jacob Tucker, and Lishunda Franklin ("Franklin").[1] Plaintiff alleged that

---

[1] 42 U.S.C. §1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

1

Defendants New Orleans Police Officers Jacob Tucker and Adam Sauter violated his civil rights by intentionally moving the site of the accident in the police report to conceal the identity of the person that hit him. Plaintiff's original Complaint also alleged that Franklin, a pharmacist at Crescent City Pharmacy, violated his civil rights. Plaintiff did not explain how the other Defendants were involved.

On December 15, 2022, this Court granted Defendants Latoya Cantrell, Shaun Ferguson, Adam Sauter, the City of New Orleans, and Franklin's Motions to Dismiss ("First Motion to Dismiss") for failure to state a claim and granted Plaintiff twenty days to amend his Complaint to explain how Defendants violated his civil and constitutional rights. Plaintiff filed his Amended Complaint on January 11, 2023.[2] Upon amendment, Defendants Cantrell, Ferguson, Sauter, and the City of New Orleans moved to dismiss Plaintiff's claims for a second time.[3] The Court granted the Motion, finding that Plaintiff had again failed to state a claim against Defendants Cantrell, Ferguson, Sauter, and the City of New Orleans.[4] As the Court had already granted Plaintiff the opportunity to remedy the deficiencies in his Complaint, the Court did not grant Plaintiff further leave to amend.

Plaintiff filed a Motion to Compel Discovery from Franklin and a Motion to Amend and Modify ("Motion to Amend") his Complaint on August 21, 2023. Magistrate Judge Michael North denied Plaintiff's Motion to Compel as

---

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

[2] Doc. 16.
[3] Doc. 19.
[4] Doc. 20.

premature and dismissed Plaintiff's Motion to Amend as moot, stating that Plaintiff's Motion to Amend "essentially argues that Lishunda Franklin should not be dismissed" and that the motion was "unnecessary" because no party had moved to dismiss Franklin.[5]

On January 8, 2025, the Court ordered Plaintiff Joseph Eurings to show cause as to why his claims against Franklin and Tucker should not be dismissed for failures to serve and to prosecute under Federal Rules of Civil Procedure 4(m) and 41. In response, Plaintiff filed his "Rebuttal in Response to, Order to Show Cause, and Motion for Default Judgment" (Doc. 30) ("Motion for Default Judgment"). Without ruling on Plaintiff's Motion for Default Judgment, the Court dismissed Franklin pursuant to Rule 41 and Tucker pursuant to Rule 4(m). Plaintiff appealed. The Fifth Circuit Court of Appeals reversed the Court's dismissal of Franklin but affirmed Tucker's dismissal.

Accordingly, this Court reset the Motion for Default Judgment for submission. On March 9, 2026, Franklin filed her Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and Opposition to Plaintiff's Motion for Default Judgment ("Second Motion to Dismiss"). The Court considers both motions in turn.

## LEGAL STANDARD

### A. Motion for Default Judgment

Federal Rule of Civil Procedure 55(b) authorizes the clerk to make an entry of default against defendants who fail to answer or otherwise defend a plaintiff's complaint within the required time period.[6] An entry of default

---

[5] Doc. 26 at 2. The Court notes that Plaintiff's Motion to Amend is nearly identical to his Amended Complaint (Doc. 16).

[6] FED. R. CIV. P. 55.

results in a plaintiff's well-pleaded factual allegations being deemed admitted.[7] Nevertheless, a defendant against whom a default has been entered "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[8]

Following the entry of default, a plaintiff may move for default judgment against the defendant in default.[9] "[A] defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered."[10] Although judgments by default are "generally disfavored,"[11] the decision to enter default judgment is within the sound discretion of the trial court.[12]

The Court is entitled to consider several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion."[13]

### B. Motion to Dismiss pursuant to Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[14] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the

---

[7] Meyer v. Bayles, 559 F. App'x 312, 313 (5th Cir. 2014) (citing Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[8] *Nishimatsu*, 515 F.2d at 1206.

[9] FED. R. CIV. P. 55(b)(2).

[10] *Nishimatsu*, 515 F.2d at 1206.

[11] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).

[12] Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)).

[13] Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

[14] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

reasonable inference that the defendant is liable for the misconduct alleged."[15] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[16] The court need not, however, accept as true legal conclusions couched as factual allegations.[17] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[18] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[19] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[20]

## LAW AND ANALYSIS

### A. Motion for Default Judgment

Although Plaintiff's Motion is styled, in part, as a motion for default judgment, his Motion primarily asks the Court to compel evidence from various Defendants and nonparties and to set an evidentiary hearing to "resolve any and all issues/ [sic] and or legal disputes regarding this case."[21] Franklin opposes, arguing that Plaintiff has failed to state a claim against her.

To the extent that Plaintiff's Motion can be construed as a motion for default judgment, Plaintiff's Motion must be denied. Plaintiff has not obtained an entry of default against Defendant Franklin before moving for default

---

[15] *Id.*

[16] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[17] *Iqbal*, 556 U.S. at 678.

[18] *Id.*

[19] *Lormand*, 565 F.3d at 255–57.

[20] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[21] Doc. 30 at 3. As to Plaintiff's requests to compel evidence and set an evidentiary hearing, the Court finds that Plaintiff's Motion is moot as to the dismissed Defendants. Any requests to compel evidence from Franklin or nonparties are also moot because, as discussed *infra*, Plaintiff's claims against Franklin are dismissed with prejudice.

judgment as required by Federal Rule of Civil Procedure 55.[22] Even construing Plaintiff's Motion as one moving for entry of default, the Court finds that entry of default against Franklin would not be appropriate. Defendant Franklin has since appeared in this matter to defend against Plaintiff's claims.[23] Accordingly, Plaintiff's Motion for Default Judgment is denied.

### B. Franklin's Second Motion to Dismiss

Franklin asks this Court to dismiss Plaintiff's claims against her, arguing that Plaintiff failed to remedy the deficiencies identified in this Court's Order on her First Motion to Dismiss. Plaintiff did not file an opposition. However, the Court may not simply grant the instant motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion. As such, the Court will consider Defendant's argument below.

Plaintiff's original Complaint asserted a § 1983 claim against Franklin. This Court granted Franklin's First Motion to Dismiss, stating that "Plaintiff did not plead enough facts to state a plausible claim against any Defendant."[24] The Court noted that Plaintiff did "not offer any facts to explain how Defendants Cantrell, Ferguson, Franklin or the City of New Orleans were involved, much less how they violated his constitutional or civil rights."[25] Plaintiff's Amended Complaint provides more detail, alleging that Franklin recorded a video of Plaintiff's accident and showed the video to the police from her cell phone. Plaintiff further alleges that Franklin "withheld the video of

---

[22] See New York Life Insurance Co. v. Brown, 84 F.3d 137 (5th Cir. 1996) ("An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After a defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.").

[23] Doc. 39.

[24] Doc. 15.

[25] *Id.*

the hit-and-run accident and did not promptly turn it over to authorities . . . to conceal the identity of the person or people that hit the plaintiff."[26]

Even accepting all well-pleaded facts as true, the Court finds that Plaintiff's Amended Complaint does not state a claim against Franklin. "To state a § 1983 claim, a plaintiff must establish '(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor.'"[27] Plaintiff's Amended Complaint still fails to explain which of his civil or constitutional rights were violated by Franklin, or how Franklin was "acting 'under color of state law' or acting in concert with state actors during the incidents in question."[28] Accordingly, the Court finds that Plaintiff has failed to address the deficiencies identified in the Court's prior Order and, thus, has failed to plead facts giving rise to a cause of action against Franklin.

Having found that Plaintiff has not sufficiently pleaded any claim against Franklin, the Court must consider whether he should be given further leave to amend. Though "[l]eave to amend should be freely given,"[29] a court may decline to give such leave as long at the denial is justified on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[26] Doc. 16 at 4–5. The Court notes that Plaintiff elaborates on Franklin's alleged conduct in his Motion for Default Judgment, stating that Franklin only showed police a portion of one of the videos recorded by Crescent City Pharmacy's surveillance video surveillance systems. According to Plaintiff, "Franklin's actions clearly illustrate she aided and abetted the person or people responsible for the accident," amounted to obstruction of justice and sabotage of a police investigation, "subjected the plaintiff to conditions that were cruel and unusual," and "disregarded her civic duties as a business owner and citizen of the United States to report a crime." Doc. 30 at 3, 6–7.

[27] White v. City of New Orleans, 844 F. App'x 719, 721 (5th Cir. 2021) (quoting Victoria W. v. Larpenter, 369 F. 3d 475, 482 (5th Cir. 2004)).

[28] *Id.* at 722.

[29] U.S. *ex rel.* Adrian v. Regents of Univ. of California, 363 F.3d 398, 403 (5th Cir. 2004).

futility of amendment, etc."[30] The Court notes that Plaintiff was previously granted leave to amend and has again failed to state a claim. The Court finds that Plaintiff's repeated failure to state a claim justifies dismissal with prejudice of Plaintiff's claims.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Lishunda Franklin's Motion to Dismiss (Doc. 39) is **GRANTED**. Plaintiff's claims against Lishunda Franklin are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 13th day of May, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[30] *Id.*